# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KATHY JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 17-1138-AS<br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

On June 9, 2017, Plaintiff filed a Complaint seeking review of the Commissioner's denial of Plaintiff's applications for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI"), respectively, under Titles II and XVI of the Social Security Act. (Docket Entry No. 1). On December 6, 2017, Defendant filed an Answer and the Administrative Record ("AR"). (Docket Entry Nos. 18-19). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 14-15). On June 12,

2018, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 26). The Court has taken this matter under submission without oral argument. See C.D. Cal. C. R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On April 24, 2013, Plaintiff, formerly employed as a babysitter (see AR 50-53, 266), filed an application for DIB alleging a disability onset date of January 22, 2009. (AR 225-31). On July 16, 2013, Plaintiff filed an application for SSI alleging the same onset date. (AR 232-42).[1] Plaintiff's applications were denied initially on August 15, 2013 (AR 160-64), and on reconsideration on January 7, 2014. (AR 167-71).

On August 28, 2015, Administrative Law Judge Duane D. Young ("ALJ") heard testimony from Plaintiff, who was represented by counsel, and vocational expert ("VE") Troy Scott. (See AR 44-75). On May 2, 2016, the ALJ issued a decision denying Plaintiff's applications. (See AR 25-37).

The ALJ applied the requisite five-step process to evaluate Plaintiff's case. At step one, the ALJ found that Plaintiff met the insured status requirements through June 30, 2016, and had

---

[1] At the administrative hearing, Plaintiff amended the disability onset date to January 1, 2011. (See AR 48,50).

2

not been engaged in substantial gainful activity since her alleged disability onset date of January 1, 2011. (AR 28).

At step two, the ALJ found that Plaintiff had the following severe impairments:

> left knee degenerative joint disease; right knee mild degenerative joint disease; lumbar spine degenerative arthritis; bilateral hip early degenerative joint disease; right shoulder acromioclavicular joint degenerative changes and tendonitis; left shoulder mild degenerative joint disease; left hand mild degenerative joint disease; lumbosacral musculoligamentous strain; obesity; and diabetes mellitus.

(AR 29).[2]

At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R Part 404, Subpart P, Appendix 1. (AR 31-32). Next, the ALJ found that Plaintiff had the following Residual Functional Capacity ("RFC")[3]:

---

[2] The ALJ found that Plaintiff's other impairments of headaches, depression, and mental problems were not severe. (AR 29-31).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R §§ 404.1545(a)(1), 416.945(a)(1).

3

> [Plaintiff] has the residual functional capacity to perform a range of light work[4] as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand and walk for two hours in an eight-hour work day and sit for six hours in an eight-hour work day; she cannot climb ladders, ropes or scaffolds; she can occasionally stoop, kneel, crouch, crawl, balance, and climb ramps and stairs; she is to avoid concentrated exposure to extreme cold; and she can no more than occasionally walk on uneven terrain.

(AR 32).

At step four, the ALJ determined, based on the VE's testimony, that Plaintiff is capable of performing her past relevant work as a babysitter as actually performed, but not as generally performed, within the meaning of the Social Security Act. (AR 36-37). Accordingly, the ALJ concluded that Plaintiff is not disabled. (AR 37).

On April 5, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (See AR 1-6, 21). Plaintiff now seeks judicial review of the ALJ's decision, which

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

Plaintiff contends that the ALJ failed to include Plaintiff's mild mental limitations in his assessment of her RFC.[5] (See Joint Stip. at 4-9). After consideration of the

---

[5] Plaintiff does not challenge the ALJ's finding that Plaintiff's depression was non-severe. She merely contends that the non-severe limitations should have been included in the RFC.

record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material legal error.[6]

A. **The ALJ Did Not Err by Declining to Include Plaintiff's Mild Mental Limitations in the RFC**

The Social Security Regulations require an ALJ to consider all limitations, whether severe or non-severe, when assessing a claimant's RFC. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."). An ALJ errs, therefore, if he explicitly neglects to consider a non-severe limitation when assessing the RFC. See Hutton v. Astrue, 491 F. App'x 850, 850-51 (9th Cir. 2012) (holding that although the ALJ found that claimant's impairment of PTSD was non-severe because it caused only "mild mental limitations in the area of concentration, persistence or pace, and no episodes of decompensation," the ALJ

---

Plaintiff also conclusorily asserts that the ALJ also erred in failing to include her mental limitations in the hypothetical to the VE. (See Joint Stip. at 5). The Court will not consider this assertion because Plaintiff failed to discuss it.

[6] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

6

still was required to consider the mild limitations in the RFC analysis); Ball v. Colvin, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) (distinguishing Hutton because it was based on the ALJ's "explicit refusal" to consider the claimant's mild mental limitations caused by PTSD in the RFC). However, while an ALJ must consider non-severe limitations, an ALJ need not include them in the RFC if they do not cause more than a minimal limitation on a claimant's ability to work. See Medlock v. Colvin, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("Consideration of "the limiting effects of all impairments" does not necessarily require the inclusion of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work."); Ball, 2015 WL 2345652, at *3 (reasoning that mild mental impairments "by definition do not have more than a minimal limitation on Plaintiff's ability to do basic work activities . . . which translates in most cases into no functional limitations," and thus the ALJ was not required to include them in the RFC).

Here, the ALJ found, in the "paragraph B" analysis at step two, that Plaintiff had mild limitations in activities of daily living, social functioning, and concentration, persistence or pace. (AR 30). In reaching these findings, the ALJ discussed the opinions of consultative examining psychiatrist Reynaldo Abejuela, M.D., and the state agency psychological consultants, as well as Plaintiff's testimony and other evidence. (AR 31-31). The ALJ noted, for example, that Plaintiff "reported [to Dr.

7

Abejuela] that she performs personal care tasks, runs errands, shops, cooks, pays bills, handles the finances, drives, uses public transportation, and does the household chores." (AR 30; see AR 579). Plaintiff also reported that "her relationships with her family, relatives, friends, and neighbors [were] good to fair to excellent," and she "was not seeing a psychiatrist, a psychologist or a therapist." (AR 30-31; see AR 579, 581). When Dr. Abejuela examined Plaintiff on July 20, 2013, he observed that Plaintiff's thought content, attention, memory, and judgment were appropriate. (AR 31; see AR 579-80, 582). As the ALJ also noted, Dr. Abejuela remarked that Plaintiff's "psychiatric symptoms should dissipate in the next two months because this was transient and temporary." (AR 31; see AR 583). Based on his consideration of the record overall, the ALJ concluded that Plaintiff's "medically determinable impairment of depression does not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and is therefore non-severe." (AR 31).

Although the ALJ did not include any mental limitations in the RFC assessment, (see AR 32), the ALJ "considered the functional limitations resulting from all of [Plaintiff's] medically determinable impairments, including those that are nonsevere." (AR 31 (citing 20 C.F.R. §§ 404.1545, 416.945)). Moreover, the ALJ stated that the RFC assessment "reflects the degree of limitation [the ALJ] found in the 'paragraph B' mental function analysis." (AR 30). Because the ALJ found that Plaintiff's mental impairments were non-severe and did not cause

any significant impairments, the ALJ was not required to include them in Plaintiff's RFC. See Ball, 2015 WL 2345652, at *3 ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); see also Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."). Thus, having considered the record evidence of Plaintiff's mental limitations in assessing Plaintiff's RFC, the ALJ did not err by declining to include mild mental limitations in the RFC finding.

**B. Alternatively, Any Error in Failing to Include Plaintiff's Mild Mental Limitations in the RFC Was Harmless**

Even if the ALJ erred by failing to include Plaintiff's mild limitations in activities of daily living, social functioning, and concentration, persistence or pace in the RFC determination, any error was harmless. An ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'" Tommasetti v. Astrue, 533 F.3d 1035, 1028 (9th Cir. 2008) (citation omitted); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) ("[T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error . . . it is whether the ALJ's decision remains legally valid, despite such error"); Burch v. Barnhart, 400 F.3d 676, 679

(9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless").

Here, it is clear from the record that even if the RFC included mild mental limitations, this would not have altered the ALJ's conclusion that Plaintiff is capable of performing her past relevant work as a babysitter, as she actually performed that job, and thus is not disabled. Plaintiff testified that her babysitting job involved "[t]aking [the children] to and from school, making sure that their homework got done," and "sometime[s] . . . fix[ing] them something to eat." (AR 53). When asked if the job was "more of the classic babysitting rather than like preschool where you're trying to [t]each them some stuff and everything," Plaintiff agreed. (Id.). Notably, the responsibilities of this job are largely consistent with the abilities required to perform Plaintiff's daily activities. As discussed above, Plaintiff's reported daily activities included driving, shopping, cooking, paying bills, and doing household chores. (AR 30, 579). Plaintiff also described her relationships with family or relatives as "excellent to good," and her relationships with friends and neighbors as "excellent to fair." (Id.). Furthermore, Plaintiff testified at the hearing that she might still be able to perform her babysitting job with her current limitations. (AR 65). The ALJ remarked that this latter testimony supported his finding that Plaintiff could still perform her past relevant work as she performed it. (AR 34).

Accordingly, even if mild mental limitations had been included in the RFC, the ALJ would have found Plaintiff not disabled – a decision that is supported by substantial evidence in the record. Therefore, any error in the ALJ's failure to include such limitations in the RFC was harmless.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 15, 2018

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE